department entered January 14, 1926, unanimously affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term in an action to restrain the defendant from maintaining a brick wall on his premises over ten feet in height shutting up windows on plaintiff's adjoining premises. The plaintiffs constructed two windows in the westerly wall of their building at the third floor level, opening flush upon the defendant's property, and the defendant erected on his land a building which, though in general but two stories in height, has an easterly wall which extends upward beyond the general roof level to a point above the top of the plaintiffs' windows. The trial court held that the wall was a private nuisance under section 3 of the Real Property Law.

*Clarence G. Bachrach* for appellant.
*Herbert N. Warbasse* and *H. L. Salpeter* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

ANNA COHEN et al., as Administrators of the Estate of GUSSIE COHEN, Deceased, Appellants, *v.* THE CITY OF NEW YORK, Respondent.

*Negligence — master and servant — motor vehicles — action to recover for death of plaintiff through being struck by motor truck — deviation by driver for own purposes from route directed by master.*

*Cohen* v. *City of New York*, 215 App. Div. 382, affirmed.
(Argued May 31, 1926; decided July 9, 1926.)

APPEAL from a judgment entered February 18, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiffs entered upon a verdict and directing a dismissal of the complaint in an action to recover for the death of plaintiffs' intestate alleged to have been sustained through the negligence of defendant. Intestate was killed by a motor truck owned by defendant

36

and driven by one of its employees. After completion of work he had been directed by his foreman to take the truck to the garage. He followed his usual route from the stable toward the garage until he reached First avenue and Twenty-fourth street when, instead of going to the garage in Twenty-fourth street, he proceeded up First avenue to Eightieth street and then west on Eightieth street to Second avenue, where he let friends off the truck whom he had accommodated with a ride. On his return, at Sixty-seventh street and Second avenue, the accident happened.

*Maxwell Slade* and *David H. Slade* for appellants.

*George P. Nicholson, Corporation Counsel* (*John F. O'Brien, Elliot S. Benedict* and *William R. White* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

ABRAM C. WISNER, Appellant, *v.* EDWARD H. JEWETT, Respondent.

*Contract — sale — action to recover consideration for transfer of option to purchase stock — defense that at time of transfer option had expired.*

*Wisner* v. *Jewett*, 213 App. Div. 667, affirmed.

(Argued May 31, 1926; decided July 9, 1926.)

APPEAL from a judgment entered October 21, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was on contract. The complaint alleged that plaintiff, having an option to purchase certain stock, transferred the same to the defendant in consideration of his agreement to transfer to plaintiff a certain number of shares of the stock after purchase. The defense was that at the time of the agreement,